Ann Lader v. Commissioner.
Lader v. Commissioner
Docket No. 1008-69 SC.
United States Tax Court
T.C. Memo 1970-23; 1970 Tax Ct. Memo LEXIS 334; 29 T.C.M. (CCH) 68; T.C.M. (RIA) 70023; February 3, 1970, Filed. Ann Lader, pro se, 3030 Ocean Ave., Brooklyn, *335 N. Y. Rufus H. Leonard, Jr., for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency of $137.13 in petitioner's Federal income tax for the year 1966. The only issue presented is whether the petitioner is entitled to deduct as a theft loss under section 165, Internal Revenue Code of 1954, an amount in excess of $1,285 allowed by respondent. Findings of Fact Ann Lader (herein called petitioner) was a legal resident of Brooklyn, New York, at the time she filed her petition in this proceeding. She filed her individual Federal income tax return for the year 1966 with the district director of internal revenue in Brooklyn. About 32 years ago Irving Lader, petitioner's husband, purchased for $1,500 cash a carat and a half diamond engagement ring in a platinum Tiffany setting. The purchase was made from a private jeweler named Levine who then had an office on Nassau Street in New York City. This ring was given to petitioner when she and Irving became engaged to be married. In August 1966, when petitioner and her husband went to the beach, she left the ring in a jewelry box in their apartment *336 because one of the prongs on the ring was loose. On August 28, 1966, the apartment was burglarized and several things were stolen. Petitioner immediately reported the burglary to the Brooklyn police department and the stolen property was listed as having an aggregate value of $2,070. None of the property was insured or recovered. On her 1966 Federal income tax return petitioner reported a theft loss of $2,000. The table below shows the items of stolen property, the amounts claimed by petitioner, and the amounts allowed by respondent. Stolen Property
Amount ClaimedBy Petitioner
Amount AllowedBy Respondent
1 1/2 carat diamond ring
$1,500
$1,200
3 gold bracelets
210
70
1 pair gold earrings (pearls)
35
12
1 pair gold earrings (plain)
20
7
1 pair diamond and gold earrings
35
12
1 cameo pin (diamond)
150
50
1 plain white cameo
50
17
1 gold chain with white pearl
50
17
Cash 20
0
Total
$2,070
$1,385
Less statutory de- duction 100
100 $1,970
$1,285 Petitioner purchased two bracelets for $140, three earrings for $90, and the gold chain with a small cultured pearl for $50. The diamond cameo pin was given to petitioner by her mother *337 and the small white cameo pin was a gift from her father. One of the gold bracelets was also received as a gift. Petitioner did not know the cost of any of the articles acquired by gift. The $20 cash item claimed by petitioner was a $20 bill which her husband had left in a pocket of one of his suits. It belonged to him, not the petitioner. Petitioner sustained a total theft loss of $1,847 in 1966. 69 Opinion The amount of petitioner's theft loss deduction in this case is purely a factual question. If property held for personal use is stolen, the theft loss is the lesser of (a) the fair market value of the property or (b) its adjusted basis. Section 165(b), Internal Revenue Code of 1954. The petitioner must produce evidence from which the value of the property or its cost basis can be determined. This amount is then reduced by the amount of insurance or other recovery received and the $100 limitation provided by section 165(c)(3) is applied. Section 1015(a) of the Code provides: (a) Gifts After December 31, 1920. - If the property was acquired by gift after December 31, 1920, the basis shall be the same as it would be in the hands of the donor *338 or the last preceding owner by whom it was not acquired by gift, except that if such basis (adjusted for the period before the date of the gift as provided in section 1016) is greater than the fair market value of the property at the time of the gift, then for the purpose of determining loss the basis shall be such fair market value. If the facts necessary to determine the basis in the hands of the donor or the last preceding owner are unknown to the donee, the Secretary or his delegate shall, if possible, obtain such facts from such donor or last preceding owner, or any other person cognizant thereof. If the Secretary or his delegate finds it impossible to obtain such facts, the basis in the hands of such donor or last preceding owner shall be the fair market value of such property as found by the Secretary or his delegate as of the date or approximate date at which, according to the best information that the Secretary or his delegate is able to obtain, such property was acquired by such donor or last preceding owner. In this case the petitioner has established the donor's basis in the diamond engagement ring as $1,500. Its fair market value at the time of the theft was considerably *339 more than $1,500. Therefore, she is entitled to a theft loss of $1,500 with respect to the ring. But she has not adduced any evidence as to the donor's basis of the two cameos or one of the gold bracelets, or any reliable evidence as to the fair market value of such jewelry at the time she received them as gifts. Consequently, we must sustain the amounts allowed by respondent on these jewelry items. Cf. Jane U. Elliott, 40 T.C. 304, 312 (1963). Petitioner purchased two bracelets, three earrings and the gold chain with the small cultured pearl. She has shown to our satisfaction the cost basis and the fair market value of these items. Thus we have allowed the amounts claimed. The cash of $20 has been disallowed because the evidence clearly shows that the stolen money belonged to Irving Lader, and not to the petitioner. They did not elect to file a joint income tax return. In summary, we hold, as reflected in our findings of fact, that the petitioner sustained a theft loss of $1,847. Since section 165(c)(3) allows a personal theft loss only to the extent that the amount of such loss exceeds $100, the petitioner is entitled to a deductible theft loss of $1,747 for the *340 year 1966. Accordingly, Decision will be entered under Rule 50.